# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO RUDY PENA, | 1:18-cv-01527-NONE-GSA-PC |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR PLAINTIFF'S FAILURE TO STATE A CLAIM (ECF No. 11.)** |
| v. | |
| STUART SHERMAN, et al., | |
| Defendants. | **OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

Alfredo Rudy Pena ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On November 5, 2018, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On September 16, 2019, the court screened the Complaint and dismissed it for failure to state a claim, with leave to amend. 28 U.S.C. § 1915A. (ECF No. 6.) On October 21, 2019, Plaintiff filed the First Amended Complaint. (ECF No. 7.)

On December 11, 2019, the court screened the First Amended Complaint and dismissed it for failure to state a claim, with leave to file a Second Amended Complaint (ECF No. 9.) On January 20, 2020, Plaintiff filed the Second Amended Complaint which is now before the court for screening. (ECF No. 11.)

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. SUMMARY OF PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff is a state prisoner presently incarcerated at Solano State Prison in Vacaville, California. The events at issue in the Second Amended Complaint allegedly occurred at the California Substance Abuse and Treatment Facility and State Prison (SATF) in Corcoran, California, when Plaintiff was incarcerated there. Plaintiff names as defendants Dr. Frank Chang (P&S), Meshelle Lindsey (RN), Melissa Edgar (LVN), Jose Munoz (LVN), Julius Metts (P&S), Kumiko Talley (LVN), Trena Miller (PHN), Ernest Zieglar (NP), Leif Agbayani (RN), Grace

Fajardo (RN), Chinyere Nyenke (CP&S), Christine Cabrales (OT), Flora Soto (RN), Stuart Tamale (LVN), and Does 1-50 (collectively "Defendants").

Plaintiff's allegations follow:

In 2015, Plaintiff was diagnosed at Solano State Prison with the eye condition Uveitis. In 2016, Plaintiff's Uveitis returned at SATF and treatment was provided without any delay. In 2017, at the same prison, SATF, Plaintiff was not treated for his diagnosis. For fourteen days Plaintiff was left to endure horrible pain as his condition worsened.

On December 4, 2017, Plaintiff saw defendant Leif Agbayani (RN) for pain and redness in his left eye. The inflammation of Plaintiff's eye was obvious, with redness and swelling. Plaintiff explained to Agbayani that in the past he was diagnosed with Uveitis, an eye condition that, if not treated, can cause blindness. Plaintiff asked defendant Agbayani to call Optometry or send him there. Plaintiff told Agbayani that Optometry had directed him to inform medical staff if the Uveitis returned. Because there was nothing in Plaintiff's medical record about the Uveitis diagnosis, Agbayani gave Plaintiff the medication Liquitears, sent Plaintiff back to his cell and told him to submit a medical form if his condition did not improve.

On December 7, 2017, defendant Julius Metts (P&S) met with Plaintiff because his left eye was worse – swollen, red, and irritated. Plaintiff was asked if something had poked him in the eye. When Uveitis occurs the trauma looks as if a blow to the eye has happened. Again, since there was no record of the Uveitis diagnoses in his medical records, Plaintiff had to explain how he needed proper medication and asked defendant Metts to please call Optometry so he could receive treatment. Plaintiff was told to give the Liquitears medication more time to work and to return to his cell. Plaintiff told Metts that the Liquitears would not treat his Uveitis.

On or about December 8, 2017, Plaintiff was escorted to CTC (Main Medical Building) and seen by defendant Dr. Chang. Plaintiff again explained about the Uveitis diagnosis and how Optometry had directed him to inform medical staff if the Uveitis returned. Plaintiff told Chang in great detail about the 2015 Uveitis diagnosis and how the condition causes loss of vision if not treated. Dr. Chang checked Plaintiff's eye with a black light, gave Plaintiff the wrong medication, and returned him to his cell in great pain. No matter how many times Plaintiff

3

explained the urgency of receiving treatment and the proper medication he was given the wrong medication.

On December 12, 2017, Plaintiff was seen by defendant Meshelle Lindsay (RN), who sent Plaintiff to Optometry for his inflammation.

It took days of horrible pain before Plaintiff received the proper medication and attention. None of the medical staff would believe the seriousness of the diagnosis of his eye condition and therefore chose to make Plaintiff wait and do nothing as his condition worsened. Because of the delay the consequences were serious. Medical officers failed to investigate enough to make an informed decision. Plaintiff was finally cleared for an appointment with a specialist. Optometry was needed. Plaintiff was forced to endure horrible pain and made repeated complaints and visits to Medical before he was seen by Optometry. Plaintiff has severe headaches, sensitivity to light, eye pain, blurred vision, and sudden eye irritation.

Plaintiff requests monetary damages for loss of vision, severe headaches, sensitivity to light, eye pain, sudden eye irritation, and emotional stress for the pain he now has to endure.

## IV.     PLAINTIFF'S MEDICAL CLAIM

### A.     42 U.S.C. § 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### B. Personal Participation Required

In the Second Amended Complaint, Plaintiff names fourteen defendants and 1-50 Doe Defendants, but he only makes allegations against four of them: Dr. Frank Chang (P&S), Meshelle Lindsey (RN), Julius Metts (P&S), and Leif Agbayaani (RN).

Plaintiff fails to allege facts showing that any of the other defendants personally acted against him. Plaintiff fails to attribute any personal act to any of these other defendants. Plaintiff cannot state a claim against these defendants unless he demonstrates in his allegations that each of them, identified by name, personally acted or failed to act, violating Plaintiff's rights. Liability may not be imposed under a theory of *respondeat superior*, and there must exist some causal connection between the conduct of each named defendant and the violation at issue. Iqbal, 556 U.S. at 676-77; Lemire v. California Dept. of Corrections and Rehabilitation, 726 F.3d 1062,

///

1074-75; Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (*en banc*); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

Therefore, Plaintiff fails to state any claims against defendants Melissa Edgar (LVN), Jose Munoz (LVN), Kumiko Talley (LVN), Trena Miller (PHN), Ernest Zieglar (NP), Grace Fajardo (RN), Chinyere Nyenke (CP&S), Christine Cabrales (OT), Flora Soto (RN), Stuart Tamale (LVN), or any of the Doe Defendants.

### C. Eighth Amendment Medical Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S.

825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

**Analysis**

Here, Plaintiff has demonstrated that he had a serious medical need because he was suffering from an eye condition, Uveitis, which could result in substantial injury and pain if not properly treated.

However, Plaintiff has not demonstrated that any of the Defendants believed he had a serious medical need and yet responded unreasonably. Plaintiff himself alleges that none of the Defendants knew about his eye condition because Plaintiff's medical records concerning the eye condition were missing and there was nothing in his available medical records showing that he had been diagnosed or treated with Uveitis. Plaintiff alleges that even after his explanations about his condition Defendants did not believe him and continued to send him back to his cell with ineffective medicine. While it may be true that Plaintiff's eyesight was adversely affected causing him great pain because of the delay in proper treatment, there are no facts in the Second Amended Complaint showing that any of the Defendants addressed in Plaintiff's allegations -- Agbayani, Metts, Lindsey, or Chang – were deliberately indifferent.

On December 4, 2017, Defendant Agbayani, a Registered Nurse, met with Plaintiff, saw that his left eye was red and swollen, gave him the medication Liquitears, and told him to submit

a medical form if his condition did not improve. This conduct by defendant Agbayani does not meet the standard of being deliberately indifferent, particularly since there was nothing in Plaintiff's medical records showing that he had been diagnosed with Uveitis in the past. Plaintiff only saw defendant Abgayani once. The court finds that Plaintiff fails to state a claim for deliberate indifference against defendant Abgayani, especially because she advised him to submit a medical form if the medication did not improve his condition.

Three days later, on December 7, Plaintiff returned for treatment and met with defendant Metts. By now, the condition of Plaintiff's eye was noticeable enough that defendant Metts asked Plaintiff if something had poked him in the eye. Defendant Metts was faced with the same situation as defendant Agbayani – there was nothing in the medical records about Plaintiff's prior 2015 diagnosis. Plaintiff was instructed by Metts to give the Liquitears more time to work— only three days had elapsed since given to Plaintiff. The court finds that Plaintiff fails to state a claim for deliberate indifference against defendant Metts.

The next day, on December 8, Plaintiff was escorted to the Main Medical Building and met with defendant Dr. Chang. Plaintiff again explained in detail about his past diagnosis, what would happen without appropriate treatment, and how Optometry had advised him to report to Medical, which he did. Dr. Chang examined Plaintiff's eyes with a black light. Although Plaintiff claims that Dr. Chang sent Plaintiff away without the correct medication to treat Uveitis, he was sent away with medication. Again, it has not been shown that Dr. Chang's actions, although perhaps negligent, were deliberately indifferent. Again, Plaintiff's medical records did not show evidence of Plaintiff's past 2015 diagnosis. The court finds that Plaintiff fails to state a claim for deliberate indifference against defendant Dr. Chang.

Plaintiff alleges no wrongdoing by defendant Michelle Lindsey (R.N.), who referred him to the Optometry specialist. Therefore, Plaintiff fails to state a claim for deliberate indifference by defendant Lindsay.

Plaintiff alleges that Defendants delayed in treating his condition, but there are no allegations that Defendants did not promptly meet with him, examine his eye, and offer treatment. While the delay in Plaintiff being referred to the Optometrist may well have caused Plaintiff's

condition to worsen, Plaintiff has not shown that any of the Defendants had the requisite subjective state of mind to state a claim for deliberate indifference. Although Plaintiff may be able to state a claim for negligence or even gross negligence, he has not shown that any of the defendants acted with deliberate indifference.

Accordingly, the court finds that Plaintiff fails to state any claims in the Second Amended Complaint against any of the Defendants. The court shall recommend that this case be dismissed with prejudice, for Plaintiff's failure to state any § 1983 claims.

## V. CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the court finds that Plaintiff fails to state any cognizable claim against any of the Defendants in the Second Amended Complaint. Therefore, the court shall recommend that this case be dismissed for failure to state a claim.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Here, the court previously granted Plaintiff leave to amend the complaint, with ample guidance by the court, and Plaintiff has not stated any claims upon which relief may be granted under § 1983. The court is persuaded that Plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013). The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This case be DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under § 1983; and
2. The Clerk be directed to CLOSE this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen days** of the date of service of these findings and recommendations, Plaintiff may file written objections

with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 13, 2020**          /s/ Gary S. Austin
                                   UNITED STATES MAGISTRATE JUDGE