UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO RUDY PENA,<br><br>               Plaintiff,<br><br>    v.<br><br>STUART SHERMAN, et al.,<br><br>               Defendants. | 1:18-cv-01527-NONE-GSA-PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS; DISMISSING THIS CASE WITH PREJUDICE AND DIRECTING THE CLERK OF COURT TO CLOSE CASE<br><br>(Doc. No. 15) |

      Alfredo Rudy Pena ("plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983 ("§ 1983"). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      In his second amended complaint, plaintiff alleges as follows. In 2015, while incarcerated at Solano State Prison, plaintiff was diagnosed with the eye condition uveitis and received treatment. (Doc. No. 11 at 6.) During 2016, plaintiff's uveitis symptoms returned while he was incarcerated at the California Substance Abuse and Treatment Facility and State Prison (SATF) in Corcoran, California. (*Id*. at 5.) Plaintiff states that he received treatment "with no delay." (*Id*.) However, on December 4, 2017, while still at SATF, plaintiff again began experiencing symptoms, including pain, redness, and swelling. (*Id*. at 3.) Plaintiff

alleges that despite seeing three different healthcare providers (defendants Leif Agbayani, Frank Chang, Meshelle Lindsey, and Julius Metts), for fourteen days he received inadequate treatment of his condition, which included being prescribed inappropriate medications and denied access to specialist care. (*Id*. at 3, 5, 6.) After two weeks of worsening symptoms, including significant pain, plaintiff was seen by a specialist and treated. (*Id*.) Plaintiff attributes his allegedly deficient medical care to an absence of information about his uveitis in his medical records. (*Id*.) In his second amended complaint, plaintiff brings three claims under the Eighth Amendment for deliberate indifference to a serious medical need.

On April 13, 2020, findings and recommendations were entered, recommending that this action be dismissed, with prejudice, due to plaintiff's failure to state a claim upon which relief may be granted. (Doc. No. 15.) The magistrate judge found that there were no personal allegations against ten of the named defendants[1] and recommended dismissing those ten from the action because § 1983 claims require an allegation that a named defendant personally acted, or failed to act, resulting in a violation of a constitutional right. (*Id*. at 5-6.) Of the remaining four defendants (Agbayani, Change, Lindsey, and Metts), plaintiff alleged merely that Lindsey, a nurse, was the healthcare provider who ultimately referred him for specialist care. (*Id*. at 8.) Because plaintiff failed to allege any wrongdoing by Lindsey, it was determined that he failed to state a claim upon which relief may be granted against Lindsey. (*Id*.)

Finally, as to defendants Agbayani, Chang, and Metts, the magistrate judge found that plaintiff failed to allege the requisite subjective state of mind for a claim of deliberate indifference. (*Id*. at 8-9.) The findings and recommendations observe that, according to plaintiff's allegations, the three defendants lacked documentation of plaintiff's serious medical condition because the information was absent from his medical records. (*Id*. at 7.) While plaintiff stated he informed Agbayani, Change, and Metts of his condition when he saw each, plaintiff's medical records would not have corroborated his self-reported diagnosis. (*Id*.) Still,

---

[1] Those ten are: Melissa Edgar, Jose Munoz, Kumiko Talley, Trena Miller, Ernest Zieglar, Grace Fajardo, Chinyere Nyenke, Christine Cabrales, Floro Soto, and Stuart Tamale. There are no allegations of personal participation related to the Doe Defendants, as well.

each of the three defendants provided medical care, including Agbayani allegedly dispensing Liquitears and Chang dispensing some other, unnamed medication. (*Id*. at 7-8.) The findings and recommendations conclude that plaintiff did not demonstrate that the defendants believed plaintiff had a serious medical condition yet acted unreasonably. (*Id*. at 7.) That finding is underscored by a lack of allegations that defendants Agbayani, Chang, and Metts failed to promptly meet with, examine, and treat plaintiff. (*Id*. at 8.)

On May 7, 2020, plaintiff filed objections to the findings and recommendations. (Doc. No. 16.) In his objections, plaintiff now contends that his diagnosis of uveitis was noted in his medical records but that the medication previously prescribed for treatment was not, and that, as a result, defendants made "erroneous treatment decision[s]," leading to "deliberate indifference liability" because defendants' treatment decisions were rendered in the "absence of professional judgment."[2] (*Id*. at 1-2.) Plaintiff further avers that each of the fourteen named defendants is responsible because his or her name appears in plaintiff's medical records over the course of events giving rise to plaintiff's complaint. Therefore, plaintiff argues, none of the defendants should be dismissed from this action. (*Id*. at 3.)

The court agrees with the magistrate judge's findings. Plaintiff's second amended complaint does not allege personal actions taken by ten of the named defendants; fails to state a claim upon which relief might be granted against defendant Lindsey; and does not allege the requisite subjective state of mind for a claim of deliberate indifference against defendants Agbayani, Chang, and Metts. Second, plaintiff's objections largely do not address the

---

[2] Plaintiff writes:

> In 2017, my uveitis returned. At this time medical information was missing in my records. . . . [M]y diagnose [sic] uveitis conditions was in my file[.] It was missing information not completely with my diagnose. Medical officials could not find my medication to treat my uveitis. . . . The diagnose uveitis was in my medical file but did not show medical treatment (medication) or all the details of my diagnose.

(Doc. No. 16 at 1.)

substance of the findings and recommendations. Plaintiff's single objection that does address substance—that the names of all fourteen defendants appear in his medical records—is insufficient to overcome the lack of personal allegations against ten of the fourteen. For these reasons, the court agrees with the magistrate judge that plaintiff's second amended complaint should be dismissed.

Finally, the court briefly addresses the new allegations contained in plaintiff's objections. New allegations contained in an opposition motion are irrelevant when deciding a motion to dismiss pursuant to Rule 12(b)(6). *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). "In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss" because the memorandum is not a pleading under Federal Rule of Civil Procedure 7(a). *Id*. (emphasis original).

Further, plaintiff attached exhibits to his first amended complaint, but those exhibits are not part of the record now under consideration. (*See* Doc. No. 7.) Plaintiff neither attached exhibits to his second amended complaint (the operative complaint), nor did he request permission under Local Rule 220 for removal of the first amended complaint's exhibits in order that they be attached to his current pleading. For that reason, the court does not consider the previous exhibits.

Nevertheless, in considering whether to grant plaintiff leave to amend, the court considers plaintiff's allegations in his opposition. *See, e.g., Cohn v. Bank of Am.*, No. 2:10-CV-00865 MCE, 2011 WL 98840, at *10 (E.D. Cal. Jan. 12, 2011). Amendment of plaintiff's complaint consistent with his opposition and operative complaint is futile. "Indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *McGuckin v. Smith,* 974 F.2d 1050 (9th Cir.1991), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc)). A "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in

1 conscious disregard of an excessive risk to the plaintiff's health." *Hamby v. Hammond*, 821
2 F.3d 1085, 1092 (9th Cir. 2016) (internal quotations omitted) (citing *Snow,* 681 F.3d at 988),
3 *overruled in part on other grounds by Peralta v. Dillard,* 744 F.3d 1076, 1083 (9th Cir. 2014)
4 (en banc)). "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d
5 1051, 1060 (9th Cir. 2004).

6  Nothing alleged in plaintiff's operative complaint or his opposition to the motion to dismiss supports his new allegation that, in light of plaintiff's diagnosis appearing in his medical records, defendants Agbayani, Chang, and Metts chose a course of treatment that was medically unacceptable under the circumstances let alone that they chose it in conscious disregard of an excessive risk to plaintiff's health. Plaintiff's complaint and opposition are devoid of supporting facts, such as the specific diagnosis given by Agbayani, Change, and Metts; the name of the medication given to plaintiff by Chang; what that medication is used for or why it was inappropriate for plaintiff's condition. Yet it is clear plaintiff was being treated for *some* eye condition.

15  To reiterate, plaintiff alleges the healthcare providers met with, examined, and treated plaintiff; they prescribed medications in two instances; and they advised plaintiff to follow up if his condition did not improve. Even if the healthcare providers knew from plaintiff's medical records that plaintiff had previously been diagnosed with uveitis, and they treated him for a different eye condition, that alone does not support an inference of deliberate indifference and does not demonstrate the healthcare providers failed to exercise professional judgment. As the findings and recommendations observed, "[a]lthough plaintiff may be able to state a claim for negligence or gross negligence, he has not shown that any defendants acted with deliberate indifference." (Doc. No. 15 at 9.) The court agrees with the findings and recommendations that plaintiff has not suggested any basis upon which the deficiencies outlined above can be cured by amendment. Therefore, leave to amend is inappropriate. (*See id.*)

26  In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file,
28 /////

including Plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly, THE COURT HEREBY ORDERS that:

1. The findings and recommendations issued by the magistrate judge on April 13, 2020, (Doc. No. 15), are adopted in full;
2. This action is dismissed, with prejudice, based on plaintiff's failure to state a claim upon which relief may be granted under § 1983; and
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **July 22, 2020**

UNITED STATES DISTRICT JUDGE